Michael W. Carruth, Bar No. 249263
Kimberly A. Westmoreland, Bar No. 237919
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
mcarruth@klinedinstlaw.com
kwestmoreland@klinedinstlaw.com

Attorneys for Defendant
PIER 1 IMPORTS (U.S.), INC.

Timothy W. Peach, Bar No. 86608
Peach & Weathers
788 N. Arrowhead Avenue
San Bernardino, CA 92401
(909) 889-0471/FAX (909) 885-9565
tim@peachweathers.com

Attorneys for Plaintiff
CAROLYN LINDEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN LINDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>PIER 1 IMPORTS (U.S.), INC. and DOES 1 to 10,<br><br>    Defendants. | Case No.   5:18-cv-00101 AB (SPx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:         April 6, 2018<br>Time:         10:00 a.m.<br>Courtroom:  7B<br>Trial Date:   None set |

## I.   MEETINGS

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on March 5, 2018 at 2:00 p.m. and was attended telephonically by William Weathers, Esq. for Plaintiff CAROLYN LINDEN, and Kimberly A. Westmoreland, Esq. for Defendant PIER 1 IMPORTS (U.S.), INC. ("Pier 1"), who respectfully submit this Joint Rule 26(f) Report pursuant to the Standing Order for All Judges of the Central District of California and Scheduling Conference dated January 19, 2018.

### A. Statement of the Case

Plaintiff alleges that on November 15, 2015, she was at the Pier 1 Imports retail store located at 3784 Tyler Street in Riverside, California. Plaintiff alleges she was disabled and confined to a wheelchair. As Plaintiff was sitting in her wheelchair a clay and glass vase, as well as a desk which had been purportedly stacked very high on top of other merchandise, fell on Plaintiff's head and body causing Plaintiff to sustain severe personal injuries and damages.

Defendant denies liability. Defendant does not presently intend to pursue counterclaims or cross-claims. Nevertheless, Defendant reserves its right to plead and prove that Plaintiff was the cause, in whole or in part of the incident due to her lack of due care in the Pier 1 Imports retail store. Thus, based upon the limited information available to it, Pier 1 has asserted in its answer the main affirmative defenses (among others) of: contributory negligence, intervening fault, and mitigation.

### B. Subject Matter Jurisdiction

The instant action was removed to this Court in January 2018, based upon diversity jurisdiction. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which has been removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy as alleged by Plaintiff exceeds the sum of $75,000 (per Plaintiff's Statement of Damages, the amount in controversy exceeds $505,000), exclusive of interest and costs.

Complete diversity of citizenship exists. Plaintiff is a citizen of the State of California. Pier 1 was and is a corporation incorporated under the laws of the State of Delaware, has its principal place of business in the State of Texas, and is the only defendant that has been served with a summons and complaint in this action.

Venue is appropriate before this Court pursuant to 28 U.S.C. § 1446(a) in

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

that the removed action was filed in the Superior Court, State of California, County of Riverside.

**C.** **Legal Issues**

    **1.** Whether Defendant is liable for negligence;

    **2.** Whether Defendant is liable for premises liability.

Defendant expects that its legal defenses will center on lack of notice of any dangerous condition, Defendant's lack of duty to warn, and Plaintiff's contributory negligence.

**D.** **Parties, Evidence, etc.**

    **1.** **Parties.**

        a. Plaintiff Carolyn Linden.

        b. Defendant Pier 1 Imports (U.S.), Inc.

    **2.** **Percipient Witnesses.**

        a. Plaintiff Carolyn Linden.

        b. Ken Linden.

        c. Plaintiff's medical providers.

            i. Walter Curran Morgan, M.D.

            ii. Carol Jeanne Van Petten, M.D.

            iii. Karen Newhouse, P.A.

            iv. Peter Hoang Wong, M.D.

            v. Andrew Ki Song, M.D.

            vi. Edita Krakora, M.D.

            vii. Dana Hirsch, DC DACNB

            viii. Ronald A. Kascius, O.D.

            ix. Michael Boyko, DDS

            x. Richard Hanna, M.D.

        d. Breyanna Lissefeld

The parties anticipate that they may learn of additional witnesses through the

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

discovery process.

### 3. Key Documents.

Plaintiff's medical records pertaining to her injury and recovery.

Plaintiff's medical records pertaining to pre-incident and post-incident trauma and/or medical conditions.

The Parties will negotiate a Protective Order to protect the confidentiality of Pier 1's trade secrets and other protected information, to the extent any such documents are required for production as discovery.

### E. Damages

Based on information available to Defendant, including Plaintiff's Statement of Damages, Plaintiff's special damages for past medical treatment total approximately $5,000.00, and she alleges $500,000 in pain, suffering and inconvenience.

Pier 1's position is that a significant amount of Plaintiff's alleged damages (including medical expenses, lost wages, and pain and suffering) that she contributes to the incident at Pier 1 were either pre-existing or were the result of a motor vehicle accident she was involved in on January 21, 2016, and/or Plaintiff's various other medical conditions, and/or side-effects from medications Plaintiff was taking unrelated to the incident at Pier 1.

### F. Insurance

Defendant is being defended pursuant to an insurance policy; there is no reservation of rights.

### G. Motions

The Parties currently do not anticipate the filing of motions. In the event that there are any discovery disputes, the Parties will work together to resolve them informally, but acknowledge that any discovery disputes may result in motions to compel discovery and other related motions.

///

### H. Dispositive Motions

Defendant reserves the right to bring a dispositive motion, if appropriate.

### I. Manual for Complex Litigation

The procedures of the Manuel for Complex Litigation should not be utilized.

### J. Status of Discovery

Immediately following the removal of this action from the California Superior Court, Plaintiff served upon Pier 1 written discovery including special interrogatories, form interrogatories, and requests for production of documents. Plaintiff subsequently agreed to withdraw said discovery requests in lieu of Pier 1's initial disclosures which Pier 1 is in the process of compiling and producing per FRCP Rule 26(a)(1)(C).

Plaintiff has served her initial disclosures as of February 27, 2018.

The Parties will negotiate a proposed Stipulated Protective Order to protect the confidentiality of Pier 1's trade secrets and other protected information, to the extent any such documents are required for production as discovery progresses.

### K. Discovery Plan

    **1. Plaintiff's Anticipated Depositions**

        a. Plaintiff anticipates taking depositions of defendant's employees present on the day of the incident as well as those persons with knowledge relevant to the incident.

    **2. Plaintiff's Anticipated Written Discovery Requests**

        a. Following receipt and review of defendant's FRCP Rule 26(a)(1)(C) disclosure, plaintiff will determine what further written discovery is necessary to identify documents and witnesses with relevant information.

/ / /

/ / /

### 3. Defendant's Anticipated Depositions

    a.    Plaintiff Carolyn Linden

Defendant anticipates taking Plaintiff's deposition early in the discovery process, but such deposition cannot commence until Pier 1 receives and has had an opportunity to review and digest Plaintiff's initial disclosures and document production.

    b.    Ken Linden

    c.    Plaintiff's medical providers.

        i.    Walter Curran Morgan, M.D.

        ii.    Carol Jeanne Van Petten, M.D.

        iii.    Karen Newhouse, P.A.

        iv.    Peter Hoang Wong, M.D.

        v.    Andrew Ki Song, M.D.

        vi.    Edita Krakora, M.D.

        vii.    Dana Hirsch, DC DACNB

        viii.    Ronald A. Kascius, O.D.

        ix.    Michael Boyko, DDS

To the extent that Plaintiff subsequently identifies additional treating medical professionals, Defendant will require those depositions as well. Pier 1 expects to take the depositions of the ten above-listed witnesses after Plaintiff's deposition is completed. The anticipated completion dates for such depositions are contingent upon Plaintiff's deposition, Plaintiff's initial disclosures, and Plaintiff's document production.

### 4. Defendant's Anticipated Written Discovery Requests

Plaintiff provided the medical records of her treating physicians for the time period of the date of the incident to February 19, 2018. Defendant will demand production of further medical records regarding Plaintiff's multiple pre-existing conditions. Defendant will further demand production of all documents related to

1  Plaintiff's January 21, 2016 motor vehicle accident, including those records
2  regarding or reflecting the subsequent lawsuit filed against Plaintiff related thereto.

### 5. Schedule for Completion of Discovery.

####    a.   Plaintiff's Statement:

Plaintiff's counsel, Timothy Peach, has been on extended medical leave since early 2018 and is presently on home rest with 24x7 IV infused antibiotics due to a colon abscess rupture.  This treatment is expected to last another 3 or 4 weeks following which further evaluation and work-up will be performed, although it is presently expected that a large bowel resection will be performed thereafter. Accordingly, Mr. Peach is not currently expected to return to the practice of law until approximately July 1, 2018.

Meanwhile, Peach & Weathers consists of only two attorneys, and William Weathers is carrying a full caseload of his own.  As such, Plaintiff does not expect to begin active discovery until approximately July 1, 2018.  Plaintiff presently believes that written discovery and oral depositions can be completed by November 2, 2018.

####    b.   Defendant's Statement:

Pier 1 expects that discovery can be completed within approximately nine months of Plaintiff's initial disclosures and document production.

1. Defendant expects that Plaintiff's deposition can be completed within 30-60 days of Plaintiff's complete initial disclosures and document production.
2. Defendant expects that the depositions of the ten above-listed witnesses can be completed within 60-90 days of the completion of Plaintiff's deposition.
3. Defendant expects that additional depositions may be required, and can be completed within 60-90 days of the completion of Plaintiff's deposition.

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

    4. Defendant expects that its written discovery can be completed within 60 days of the completion of percipient depositions.

    **ii. Scope of Discovery.**

Defendant requests that the Court order that discovery be specifically limited to the particular store location and the merchandise display at issue therein. Discovery should not be expanded to include inquiries as to other stores or to other merchandise displays.

**L.**    **Discovery Cut-off**

The Parties propose a discovery cut-off date of November 2, 2018.

**M.**    **Expert Discovery**

The Parties propose the following dates re: expert discovery:

    **1.**    **Initial Disclosures:** September 21, 2018

    **2.**    **Rebuttal Disclosures:** October 26, 2018

    **3.**    **Expert Discovery Cut-Off:** December 7, 2018

**N.**    **Settlement Conference / Alternative Dispute Resolution ("ADR")**

Defendant has requested a settlement demand from Plaintiff but has not received a response as of the date of the filing of this Report.

Counsel have received a Notice to Parties of Court-Directed ADR Program (Document No. 4), and the Parties have raised the possibility of private mediation following the completion of Plaintiff's deposition and/or an early neutral evaluation and/or settlement conference.

**O.**    **Trial Estimate**

The Parties estimate that trial will require six court days. Trial will be by jury. Plaintiff anticipates that she will call 10 witnesses to testify at trial. Defendant anticipates that it will call 10 witnesses to testify at trial.

**P.**    **Trial Counsel**

Timothy Peach will try the case for Plaintiff.

Michael Carruth and Kimberly Westmoreland will try the case for

1 Defendant.

**Q.** **Independent Expert of Master**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**R.** **Schedule Worksheet/Timetable**

See Exhibit A, attached hereto.

**S.** **Other Issues**

The Parties are not presently aware of additional issues that have not been addressed above.

KLINEDINST PC

DATED: March 15, 2018      By: */s/ Kimberly A. Westmoreland*
                                         Michael W. Carruth
                                         Kimberly A. Westmoreland
                                         Attorneys for Defendant
                                         PIER 1 IMPORTS (U.S.), INC.

PEACH & WEATHERS

DATED: March 15, 2018      By: */s/ Timothy W. Peach*
                                         Timothy W. Peach
                                         Attorneys for Plaintiff
                                         CAROLYN LINDEN

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

# CERTIFICATE OF SERVICE
*Carolyn Linden v. Pier 1 Imports (U.S.), Inc.*
Case No. 5:18-cv-00101 AB (SPx)

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Sacramento, California, and my business address is 801 K Street, Suite 2100, Sacramento, California 95814.

On **March 22, 2018**, I caused to be served the following documents:

**JOINT RULE 26(f) REPORT**

☒ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

| | |
|---|---|
| Timothy W. Peach, Esq.<br>Peach & Weathers<br>788 N. Arrowhead Avenue<br>San Bernardino, CA 92401 | Tel: (909) 889-0471<br>Fax: (909) 885-9565<br><br>Counsel for Plaintiff |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 22, 2018, at Sacramento, California.

*/s/Kelly Beltran*
Kelly Beltran

17217732v1